**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Uniloc USA, Inc. and Uniloc (SINGAPORE) Private Limited, | CIVIL ACTION NO. 6:10-cv-591 |
| Plaintiffs, | |
| v. | |
| (1)  Engrasp, Inc.; | JURY TRIAL DEMANDED |
| (2)  Wildpackets, Inc.; | |
| (3)  eEye, Inc. (dba eEye Digital Security); | |
| (4)  Articulate Global, Inc; | |
| (5)  Cakewalk, Inc.; | |
| (6)  Seagull Scientific, Inc.; | |
| (7)  Seagull Scientific Europe, Inc.; | |
| (8)  Seagull Scientific Asia-Pacific, Inc.; | |
| (9)  Markzware; | |
| (10)  Freedom Scientific, Inc.; | |
| (11)  Freedom Scientific BLV Group, LLC; | |
| (12)  DameWare Development LLC; | |
| (13)  OnOne Software, Inc.; | |
| (14)  GeoSpatial Experts Inc.; | |
| (15)  ApexSQL, LLC; | |
| (16)  Automatic Duck, Inc.; | |
| (17)  Wave Arts, Inc.; | |
| (18)  Manifold Net Limited, and | |
| (19)  LegalPRO Systems, Inc., | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc" or

"Plaintiffs"), as and for their Complaint against Engrasp, Inc.; Wildpackets, Inc.; eEye, Inc. (dba

eEye Digital Security); Articulate Global, Inc; Cakewalk, Inc.; Seagull Scientific, Inc.; Seagull

Scientific Europe, Inc.; Seagull Scientific Asia-Pacific, Inc.; Markzware; Freedom Scientific,

Inc.; Freedom Scientific BLV Group, LLC; DameWare Development LLC; OnOne Software, Inc.; GeoSpatial Experts Inc.; ApexSQL, LLC; Automatic Duck, Inc.; Wave Arts, Inc.; Manifold Net Limited and LegalPRO Systems, Inc. (collectively "Defendants"), demand a trial by jury and allege as follows:

**PARTIES**

1.      Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.  Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

2.      Plaintiff Uniloc Singapore Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

3.       Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively "Uniloc") researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files.   Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets.  Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

4.      United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration" is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

5.      On information and belief, Defendant Engrasp, Inc. is incorporated under the laws of Texas with its headquarters at P.O. Box 14596, Arlington, TX 76094.  This defendant has appointed Kent L. Lawrence, its President and Director, at 1309 Windmill Court, Arlington, TX

76013 as its agent for service of process.  Engrasp, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

6.      On information and belief, Defendant Wildpackets, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1340 Treat Blvd. Suite 500, Walnut Creek, CA 94597.  This defendant has appointed CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.  Wildpackets, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

7.      On information and belief, Defendant eEye, Inc. (dba eEye Digitial Security) is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 111 Theory, Suite 250, Irvine, CA 92617.  This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  eEye, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

8.      On information and belief, Defendant Articulate Global, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 244 5th Avenue, Suite 2960, New York, NY 10001.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Articulate Global, Inc. regularly conducts and transacts business in

Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

9.    On information and belief, Defendant Cakewalk, Inc. is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 268 Summer Street, Boston, MA 02210.   This defendant has appointed Peter J. Oram, its Treasurer, 268 Summer Street, Boston, MA 02210 as its agent for service of process.   Cakewalk, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

10.    On information and belief, Defendants Seagull Scientific, Inc., Seagull Scientific Europe, Inc., and Seagull Scientific Asia-Pacific, Inc. (collectively "Seagull Scientific") are corporations organized and existing under the laws of the State of Washington, with their principal place of business at 1616 148th Avenue, SE, Bellevue, WA 98007.   These defendants have appointed Jeremy Seigel, their Chairman and Chief Executive Officer, at 1616 148th Avenue, SE, Bellevue, WA 98007 as its agent for service of process.   Seagull Scientific regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

11.    On information and belief, Defendant Markzware is a corporation organized and existing under the laws of the State of California with its principal place of business at 1805 East Dyer Road #101, Santa Ana, CA 92705.   This defendant has appointed Patrick Marchese, its President and Chief Executive Officer, at 1805 East Dyer Road #101, Santa Ana, CA 92705 as its agent for service of process.   Markzware regularly conducts and transacts business in Texas,

throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

12.     On information and belief, Defendants Freedom Scientific, Inc. and Freedom Scientific BLV Group, LLC (collectively "Freedom Scientific") are corporations organized and existing under the laws of the State of Delaware with their principal place of business at 11800 31st Street Court North, Saint Petersburg, FL 33716-1805.   This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.   Freedom Scientific regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

13.     On information and belief, Defendant DameWare Development LLC is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business at 108 Innwood Drive, Covington, LA 70433.   This defendant has appointed Karla Annette Hatcher, 108 Innwood Drive, Covington, LA 70433 as its agent for service of process.   DameWare Development LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

14.     On information and belief, Defendant OnOne Software, Inc. is a corporation organized and existing under the laws of the State of Oregon with its principal place of business at 15350 SW Sequoia Parkway, Suite 150, Portland, OR 97224.   This defendant has appointed Karen M. Wilcke, 1745 Salem Industrial Drive NE, Salem, OR 97303 as its agent for service of process.   OnOne Software, Inc. regularly conducts and transacts business in Texas, throughout

the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

15.     On information and belief, Defendant GeoSpatial Experts, Inc., a corporation organized and existing under the laws of the State of Colorado with its principal place of business at 12000 North Washington #385, Thornton, CO 80241.  This defendant has appointed Linda Bobbitt, 12000 North Washington #385, Thornton, CO 80241 as its agent for service of process.  GeoSpatial Experts, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

16.     On information and belief, Defendant ApexSQL, LLC is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 50101 Governors Drive Suite 200, Chapel Hill, NC 27517.  This defendant has appointed Brian Lockwood, Manager, 50101 Governors Drive Suite 200, Chapel Hill, NC 27517 as its agent for service of process.   ApexSQL, LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

17.     On information and belief, Defendant Automatic Duck, Inc. is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 323 2D Street #1, Snohomish, WA 98290.  This defendant has appointed Jill E. Bliss, Esq., at 12535 15th Avenue NE #100, Seattle, WA 98125 as its agent for service of process. Automatic Duck, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

18.     On information and belief, Defendant Wave Arts, Inc. is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 99 Massachusetts Avenue, Suite 7 Arlington, MA 02474.  This defendant has appointed William Gardner, its President, 99 Massachusetts Avenue, Suite 7 Arlington, MA 02474 as its agent for service of process.  Wave Arts, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

19.     On information and belief, Defendant Manifold Net Limited is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 1805 North Carson Street, Suite 700, Carson City, NV 89701.  This defendant has appointed Gregg Barnard, Esq., Woodburn and Wedge, 6100 Neil Road, Suite 500, Reno Nevada 89511 as its agent for service of process.  Manifold Net Limited regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

20.     On information and belief, Defendant LegalPRO Systems, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 11703 Huebner Road, Suite 106-467, San Antonio, TX 78230.  This defendant has appointed Charles A. Fielder III, its President, 11703 Huebner Road, Suite 106-467, San Antonio, TX 78230 as its agent for service of process.  LegalPRO Systems, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

21.     This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district, including via their websites.

23.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

24.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

25.     The '216 Patent was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination.  A true and correct copy of the '216 Patent is attached as Exhibit A.  Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

26.     Plaintiff Uniloc USA, Inc. has marked its products with the '216 Patent pursuant to 35 U.S.C. § 287.

27.     Upon information and belief, Defendant Engrasp, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Engrasp, Inc. products including, but not limited to the Engineers Toolbox (ETBX) 3.0 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Engrasp, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

28.     Upon information and belief, Defendant Wildpackets, Inc. have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that

utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Wildpackets, Inc. products including, but not limited to the OmniPeek Basic product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Wildpackets, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

29.     Upon information and belief, Defendant eEye, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple eEye, Inc. products including, but not limited to the Blink Personal Edition product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant eEye, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendant Articulate Global, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple Articulate Global, Inc. products including, but not limited to the Articulate Engage '09 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant Articulate Global, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant Cakewalk, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple Cakewalk, Inc. products including, but not limited to the Sonar 8 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique

to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Cakewalk, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendants Seagull Scientific, Inc., Seagull Scientific Europe, Inc. and Seagull Scientific Asia-Pacific, Inc. have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Seagull Scientific, Inc., Seagull Scientific Europe, Inc. and Seagull Scientific Asia-Pacific, Inc. products including, but not limited to the BarTender Basic 9.3, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendants Seagull Scientific, Inc., Seagull Scientific Europe, Inc. and Seagull Scientific Asia-Pacific, Inc. are thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

33.     Upon information and belief, Markzware has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been

followed.  Upon information and belief, multiple Markzware products including, but not limited to the Q2ID v5 Win product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Markzware is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendants Freedom Scientific, Inc. and Freedom Scientific BLV Group, LLC have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Defendants Freedom Scientific, Inc. and Freedom Scientific BLV Group, LLC products including, but not limited to the MAGic Standard product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendants Freedom Scientific, Inc. and Freedom Scientific BLV Group, LLC are thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant DameWare Development LLC has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple DameWare Development LLC products including, but not limited to the DameWare Mini Remote Control v6 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.     Defendant DameWare Development LLC is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

36.     Upon information and belief, Defendant OnOne Software, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple OnOne Software, Inc. products including, but not limited to the Genuine Fractals 6 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether

the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant OnOne Software, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

37.   Upon information and belief, Defendant GeoSpatial Experts, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, GeoSpatial Experts, Inc. products including, but not limited to the GPS-Photo Link Express product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant GeoSpatial Experts, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

38.   Upon information and belief, Defendant ApexSQL, LLC has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple ApexSQL, LLC products including,

but not limited to the ApexSQL Doc 2008 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant ApexSQL, LLC is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

39.     Upon information and belief, Defendant Automatic Duck, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Automatic Duck, Inc. products including, but not limited to the Pro Import AE 5.0 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Automatic Duck, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant Wave Arts, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that

utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Wave Arts, Inc. products including, but not limited to the Tube Saturator, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Wave Arts, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Manifold Net Limited has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Manifold Net Limited products including, but not limited to the Manifold 8.0 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Manifold Net Limited is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant LegalPRO Systems, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple LegalPRO Systems, Inc. products including, but not limited to the DoingTIME product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant LegalPRO Systems, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

43.     To the extent that facts learned in discovery show that Defendants' infringement of the '216 patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

44.     As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

45.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1.      A judgment in favor of Uniloc that Defendants have infringed the '216 Patent, and that such infringement was willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '216 Patent;

3.      A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4.      An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6.      Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**

Dated:  November 8, 2010          By:  /s/ James Etheridge (w/permission Wesley Hill)

James L. Etheridge – LEAD ATTORNEY
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX   76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: wh@jwfirm.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. and UNILOC
(SINGAPORE) PRIVATE LIMITED**